UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AUTOMOTIVE EXPERTS, LLC                                    CIVIL ACTION


VERSUS                                                     NO. 16-16912

CROSSROADS CHEVROLET OF VINITA, LLC                        SECTION A(3)
D/B/A BOB HART CHEVROLET


**ORDER AND REASONS**

The following motion is before the Court: **Motion to Remand (Rec. Doc. 5)** filed by

plaintiff Automotive Experts, LLC. Defendant Crossroads Chevrolet of Vinita, LLC d/b/a Bob Hart

Chevrolet opposes the motion. The motion, submitted to the Court on January 25, 2017, is

before the Court on the briefs without oral argument.

On December 7, 2016, Defendant removed this action from the Civil District Court for the

Parish of Orleans alleging diversity jurisdiction. Plaintiff moves to remand the case arguing that a

mandatory forum selection clause in the pertinent contract giving rise to this action precludes

removal to a federal court.

In this circuit a contractual clause forecloses removal where the clause amounts to a

"clear and unequivocal" waiver of removal rights. *Grand View PV Solar Two, LLC v. Helix Elec.,*

*Inc.*, 847 F.3d 255, 257-58 (5th Cir. 2017) (citing *City of New Orleans v. Mun. Admin. Servs., Inc.*,

376 F.3d 501, 504 (5th Cir. 2004)). A party may waive its removal rights by "explicitly stating that it

is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive

venue within the contract." *Id.* Ambiguous language cannot constitute a "clear and unequivocal

waiver. *Id.*

The contract's Jurisdiction and Forum Selection Clause states in relevant part:

> The parties irrevocably consent that any legal action or proceeding against it under, arising out of, or in any manner relating to this agreement, must be brought in **any court of the state of Louisiana, Parish of Orleans.**

Rec. Doc. 6-1, Contract at 6 of 10 (emphasis added).

In *Dixon v. TSE International, Inc.*, 330 F.3d 396 (5th Cir. 2003), the Fifth Circuit affirmed the district court's conclusion that "the Courts of Texas, U.S.A." did not include federal courts sitting in that state. Significantly, the court observed that federal district courts might be *in* Texas but they are not courts *of* Texas. *Id.* at 398. In other words, the use of the preposition "of" was significant because federal courts, even though located in a particular geographic region, derive from the federal government not the state. *Id.*

In this case, the contract refers to courts *of* the state of Louisiana, which does not include this federal court. Defendant argues that the provision is ambiguous because it includes the term "any," and there would be no reason to include the term any unless there were multiple permissible forums. Thus, according to Defendants, the proper forums encompassed within the contract are First City Court, Civil District Court, and this Court, all of which are located within the Parish of Orleans.

The Court is not persuaded that the contract is ambiguous at least insofar as the choice between state and federal court is concerned. This Court is not a court of the State of Louisiana and the contract specifically limits jurisdiction to courts *of* Louisiana. The addition of the term "any" does arguably point to multiple permissible forums but those forums must be courts of the state of Louisiana. And as Defendant recognizes in its Opposition, there is more than one state court located within Orleans Parish. (Rec. Doc. 6 at 6). Thus, both "of" and "any" can be given their ordinary meanings without finding the contract ambiguous.

In sum, the Court finds the contract to be clear and unequivocal as to waiver. Defendant has waived its right to remove this action to federal court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 5)** filed by plaintiff Automotive Experts, LLC is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed.

March 14, 2017

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE